**PAUL J. FISHMAN**
United States Attorney
**DANIEL J. GIBBONS**
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey  07102
Tel.: 973-645-2828
Fax.: 973-297-2010
e-mail:daniel.gibbons@usdoj.gov

*UNITED STATES DISTRICT COURT*
*DISTRICT OF NEW JERSEY*

| | |
|---|---|
| **HILDA L. SOLIS,** Secretary of Labor  *Plaintiff,*  v.  **Local Lodge No. 2339-N INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS,**  *Defendant.* | **Honorable**  *Civil Action No.*  **COMPLAINT** |

COMPLAINT

Plaintiff Hilda L. Solis, Secretary of Labor, alleges as follows:

INTRODUCTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a

judgment declaring that the December 8, 2009 election of union officers conducted by Local Lodge No. 2339-N, International Association of Machinists and Aerospace Workers (Defendant) for the office of Recording Secretary is void, and directing Defendant to conduct a new election for this office under Plaintiffs supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C.§ 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff Hilda L. Solis is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) ofTitle IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Essex, within the jurisdiction of this district.

## FACTUAL BACKGROUND

6. Defendant is, and at all times relevant to this action has been, a labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401 (b) of the Act. 29 U.S.C. §§ 402(i), 402(j) and 481(b).

7. Defendant, purporting to act pursuant to its Bylaws and the International Association of Machinists constitution conducted an election of officers on December 8, 2009, and this election was subject to the provisions of Title IV of the Act. 29 U.S.C. §§ 481-484.

8. By letter dated December 16, 2009, to R. Thomas Buffenbarger, President, International Association of Machinists and Aerospace Workers (International), the complainant, Charles Cunningham, a member in good standing of the Defendant, protested the December 8, 2009 election.

9. By letter dated January 13, 2010, to Cunningham, the International denied the protest.

10. Having exhausted the available union remedies and having received a final decision, Cunningham filed a timely complaint with the Secretary of Labor on February 12, 2010, within the one calendar month required by section 402(a)(I) of the Act. 29 U.S.C. § 482(a)(1).

11. Pursuant to section 60 I of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), the Plaintiff investigated the

complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (I) a violation of Title IV of the Act, 29 U.S.C. §§ 481-484, had occurred in the conduct of the Defendant's December 8, 2009 election; and (2) that such violation had not been remedied at the time of the institution of this action.

## CAUSE OF ACTION

12. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election by disqualifying nominee Cunningham, a member in good standing, from candidacy for the office of Recording Secretary without providing the member with adequate written notice of specific charges against him and without affording him a full and fair hearing before imposing discipline, as required by section 101 (a)(5) of the Act. 29 U.S.C. § 411(a)(5).

13. The violation of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of the Defendant's election for the office of Recording Secretary.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's election for the office of Recording Secretary to be void;

(b) directing the Defendant to conduct a new election for the office of Recording Secretary under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

                Respectfully submitted,

                PAUL J. FISHMAN
                    United States Attorney

            By:   <u>s/ Daniel J. Gibbons</u>
                    DANIEL J. Gibbons
                    Assistant U.S. Attorney
                    Deputy Chief, Civil Division

Dated: April 13, 2010